## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**SHEILA BRYANT,** individually and on behalf of all other similarly situated,

Plaintiffs,

v.

**SSS EDUCATION INC. d/b/a JERSEY COLLEGE,**

Defendant.

Case No.:

Judge:

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendant SSS Education Inc. d/b/a Jersey College ("**Jersey College**") hereby removes the State Court Action described below to the United States District Court for the District of New Jersey. Jersey College removes this case pursuant to the Class Action Fairness Act ("**CAFA**") and 28 U.S.C. § 1332.

## STATEMENT OF THE CASE

1.      Plaintiff Sheila Bryant ("**Plaintiff**") brought this lawsuit against Jersey College on behalf of herself and a putative class of all Jersey College students, employees, and/or college applicants whose personal identifying information ("**PII**") were allegedly compromised in a cybersecurity attack against Jersey College.

2.      Plaintiff seeks compensatory damages, reimbursement of out-of-pocket costs, and injunctive relief, including improvements to Jersey College's data-security systems, future annual audits, and long-term credit monitoring services funded by Jersey College.

33040275.1

## PROCEDURAL BACKGROUND

3.      On December 15, 2023, Plaintiff commenced a class action suit in the Superior Court of New Jersey Law Division: Bergen County, captioned: *Sheila Bryant v. SSS Education Inc. d/b/a Jersey College*, Case No. BER-L-006758 (the "**State Court Action**").  A true and accurate copy of the State Court Action's Complaint is attached as **Exhibit A** ("**Compl.**").

4.      Jersey College was served with the Complaint in the State Court Action on December 21, 2023. **Exhibit B, Declaration of Steven Litvack** ("**Litvack Decl.**"), ¶ 3.

## THE CLASS ACTION FAIRNESS ACT AS BASIS FOR REMOVAL

5.      Under the Class Action Fairness Act, a district court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and where the total number of putative class members exceeds 100.  28 U.S.C. § 1332(d)(2).

6.      Each requirement for this Court's exercise of jurisdiction under 28 U.S.C. § 1332(d) is satisfied in this case:

### The Putative Class Includes More than 100 Members

7.      Plaintiff's proposed putative class includes:

All individuals whose [PII] was maintained on SSS Education d/b/a Jersey College's computer systems and who were sent a notice of Jersey College's 2023 Data Breach.

(Compl., at ¶ 129.)

8.      Plaintiff alleges the putative class "is believed to include approximately **thousands of individuals** whose data was comprised in Data Breach."  (Comp., at ¶ 132 (emphasis in original).)

9.      In Mr. Litvack's Declaration, Mr. Litvack confirms that Jersey College maintained the PII of more than 100 individuals on its systems and sent notice to more than 100 individuals regarding data-security incident at issue in the complaint.  Accordingly, there are more than 100 individuals in Plaintiff's proposed class. (Litvack Decl., at ¶ 6.)

**Minimum Diversity is Satisfied**

10.      Although Plaintiff and Jersey College are both alleged to be New Jersey residents, the members of the putative class are not limited to New Jersey residents; rather, the class is defined to include "[a]ll individuals whose [PII] was maintained on [Jersey College's] computer systems and who were sent a notice of Jersey College's 2023 Data Breach."  (Compl., ¶ 129).

11.      Jersey College has campuses in seven different states, including New Jersey, Florida, Indiana, Tennessee, Arizona, Pennsylvania, and Alabama. Consequently, it draws students (and applicants) from those and other surrounding states.  (Litvack Decl., at ¶ 8.)

12.      The members of the putative class include non-New Jersey residents, as Jersey College's business records reflect that multiple individuals who received notice of the incident, and thus would be included within the proposed class, reside outside of New Jersey.  (*See* Litvack Decl. at ¶ 9).

13.      One such individual filed an action in the U.S. District Court for the District of New Jersey, captioned: *Tammy Watkins-Fields v SSS Education, Inc., d/b/a Jersey College*, Case No. 2:23-cv-23154 (D. N.J., Dec. 18, 2023) (the "**Watkins Litigation**").  In the Watkins Litigation, the plaintiff alleges that she was part of the same data-security incident at issue in this lawsuit and that she is a "natural person and citizen of Georgia, residing in Macon Georgia, where she intends to remain."  (**Exhibit C,** Complaint filed in the Watkins Litigation, ¶ 12.)

14.      These non-New Jersey residents fall within the definition of the proposed class in

this case.

15.    Jersey College is a New Jersey corporation with its principal place of business located at 546 U.S. Highway 46, Teterboro, NJ 07608.  (Litvack Decl., at ¶ 10.)

16.    Because Jersey College is a citizen of New Jersey under 28 U.S.C. § 1332(d)(10), the fact that at least one member of the putative class is a resident of a state other than New Jersey satisfies the minimal diversity requirement under CAFA.  *See* 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class's Alleged Damages Could Exceed $5,000,000**

17.    Finally, it is "more likely than not" that the amount put into controversy by Plaintiff's claims for relief could exceed the aggregate sum or value of $5,000,000 exclusive of costs and interest.  *See Frederico v. Home Depot*, 507 F.3d 188, 196-97 (3d Cir. 2007) (explaining that a removing defendant must show by the preponderance of the evidence that the complaint exceeds the jurisdictional threshold).

18.    In her prayer for relief, Plaintiff requests the following:

B.  For equitable relief enjoining defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class members' Private Information, and form refusing to issue prompt, complete, and accurate disclosure of its Data Breach to Plaintiff and Class Members;

C.  For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety, and to disclose with specificity the type of Private Information compromised during the Data Breach;

D.  For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

E.  For declaratory relief as requested;

F.  Ordering Defendant to pay for lifetime credit monitoring services for Plaintiff and the Class;

G.  For an award of actual damages, compensatory damages, and statutory damages, in an amount to be determined, as allowable by law;

H.  For an award of attorneys' fees and costs, and any other expense, including expert witness fees;

I.  Pre- and post-judgment interest on any amounts awarded . . . .

(Compl., Prayer for Relief, at ¶¶ B-I.)

19.     Together, these forms of relief sought by Plaintiff on behalf of the putative class – including attorneys' fees and statutory damages – likely could exceed CAFA's jurisdictional threshold, especially when considering a potential class size of "thousands" of class members, as alleged by Plaintiff, and believed to be approximately 31,000 individuals.  (*See* Litvack Decl. at ¶ 5).

20.     Because it is more likely than not that the claims made by Plaintiff on behalf of the putative class put into controversy a sum in excess of $5,000,000, the amount-in-controversy requirement is met.

**PROCEDURAL AND LOCAL RULES HAVE BEEN SATISFIED**

21.     All of the statutory requirements for removal to this Court under 28 U.S.C. §§ 1441(a) and 1446 have been satisfied.

22.     Pursuant to 28 U.S.C. § 1441(a), venue in this District is proper because it is the "district and division embracing" Bergen County, New Jersey, the "place where such action is pending."

23.     Pursuant to 28 U.S.C. § 1446(a), Jersey College has attached all process, pleadings, and orders filed in the State Court Action to date as **Exhibit A**.

24.     Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed.

25.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff's counsel and promptly filed in the Superior Court of New Jersey.

26.    By filing this Notice of Removal, Jersey College does not waive, and expressly reserves, its right to raise any and all of its procedural and/or substantive defenses.

WHEREFORE, Jersey College hereby gives notice that the Action pending against it in the Superior Court of New Jersey is removed to this Court.

Dated: January 17, 2024                         Respectfully submitted,

**GENOVA BURNS LLC**
By: */s/ Harris S. Freier*
Harris S. Freier
Christopher Manley
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
hfreier@genovaburns.com
cmanley@genovaburns.com

**MCDONALD HOPKINS PLC**
Christopher Dean
Mark Steiner
600 Superior Avenue, Suite 2100
Cleveland, OH 44114
(216) 430-2045
cdean@mcdonaldhopkins.com
msteiner@mcdonaldhopkins.com
(to be admitted *pro hac vice*)

*Attorneys for Defendant,*
*SSS Education Inc. d/b/a Jersey College*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned certifies that the matter in controversy is not the subject of any other

action pending in any court, or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 17, 2024                  */s/ Harris S. Freier*
                                                        Harris S. Freier

## CERTIFICATE OF SERVICE

On January 17, 2024, I electronically submitted the foregoing document with the clerk of

court for the U.S. District Court, District of New Jersey, through the Court's CM/ECF system. I

further served a copy of the foregoing on the following counsel of record by email:

Gary S. Graifman
Kantrowitz, Goldhamer & Graifman, P.C.
135 Chestnut Ridge Road
Montvale, New Jersey 07645
ggraifman@kgglaw.com

Gary E. Mason
Danielle L. Perry
Lisa A. White
Mason LLP
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

*Attorneys for Plaintiff*

                                                    */s/ Harris S. Freier*
                                                        Harris S. Freier

7