UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMY WATKINS-FIELDS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SSS EDUCATION, INC., d/b/a/ JERSEY COLLEGE,<br><br>Defendant.<br><br>SHEILA BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SSS EDUCATION, INC., d/b/a/ JERSEY COLLEGE,<br><br>Defendant. | Civil Action Nos. 23-23154 and 24-261 (JXN) (JBC)<br><br>MEMORANDUM OPINION<br><br>&<br><br>ORDER |

**NEALS**, District Judge:

**THIS MATTER** having come before the Court by way of Plaintiffs Tammy Watkins-Fields' ("Watkins-Fields'") and Sheila Bryant's ("Bryant's") motions to consolidate *Sheila Bryant v. SSS Education, Inc., d/b/a/ Jersey College*, 24-261 into *Tammy Watkins-Fields v. SSS Education, Inc., d/b/a Jersey College.,* 23-23154; and appoint interim co-lead class counsel and liaison counsel. (*Compare* ECF No. 9 in 23-23154; ECF No. 7 in 24-261).[1] The Court has carefully considered

---

[1] For brevity, the Court refers to the pending motion in 23-23154 herein unless otherwise stated.

1

the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

For the reasons set forth below, the motion to consolidate and appoint interim co-lead class counsel and liaison counsel (ECF No. 9 in 23-23154 and ECF No. 7 in 24-261) is **GRANTED**. The cases shall be consolidated for all purposes under the lead case in 23-23154.  Raina C. Borrelli of Turke & Strauss LLP and Gary E. Mason of Mason LLP are appointed interim co-lead counsel, and Gary S. Graifman of Kantrowitz, Goldhamer & Graifman, P.C. is appointed liaison counsel.

On December 18, 2023, Watkins-Fields filed a class action complaint (ECF No. 1) (the "Watkins-Fields Complaint") against Defendant SSS Education, Inc., d/b/a/ Jersey College ("Defendant"), alleging that Defendant "failed to adhere" with the data security protocol in the Federal Trade Commission Act, 15 U.S.C. § 45 ("FTCA").  Watkins-Fields contends that "between January 11, 2023, and January 25, 2023," Defendant's negligence caused "cybercriminals [to] gain[] unauthorized access" to Watkins-Field's "personally identifiable information ('PII')" (the "Data Breach"). (Watkins-Fields Compl. ¶ 2). Watkins-Fields alleges that Defendant failed to "report the Data Breach" to victims, "knew or should have known that" victims "deserved prompt and efficient notice of the Data Breach[,]" and "violated state law and harmed an unknown number of students and prospective students" in the process. (*Id* ¶¶ 6-8).  The Watkins-Fields Complaint asserts violations of the FTCA and the New Jersey Consumer Fraud Act., N.J.S.A 56:8-1, *et seq.*  (*Id.* ¶¶ 88, 146).

On December 14, 2023, Bryant filed a class action complaint (ECF No. 1-1) in 24-261 that was removed to this Court (ECF No. 1) (the "Bryant Complaint").  The Bryant Complaint contains substantially similar allegations concerning Defendant's failure to use reasonable care and appropriate cybersecurity measures, resulting in the Data Breach. (*Id.* ¶¶ 2, 13).  Specifically, the

Bryant Complaint alleges that the Data Breach occurred between January 11, 2023 and January 25, 2023, the same time that the Data Breach is alleged to have occurred in the Watkins-Fields Complaint; and that "cybercriminals gained unauthorized access" of Bryant's "personally identifiable information ('PII')." (*Id.* ¶ 2). Likewise, the Bryant Complaint alleges that Defendant is liable under Section 5 of the FTCA. *(Id.*¶ 88).

A. <u>24-261 is Consolidated into 23-23154</u>

Watkins-Fields contends that the matters in 23-23154 and 24-261 concern Defendant's "alleged loss of control of its computer network in a data breach by criminals" in January 11, 2023 to January 25, 2023, "involve the same Defendant, the same triggering events, many of the same legal claims[,]" and that the "central factual and legal issues" are common to both. (ECF No. 9-1 at 9). According to Watkins-Fields, the "consolidation of these actions will promote the efficiency of the claims and prevent the unnecessary cost and delays . . . of substantially similar actions," thus, aligning with the purpose of consolidation. (*Id.* at 9). Watkins-Fields further contends that pursuant to Federal Rule of Civil Procedure 42(a), the Watkins-Fields Complaint and Bryant Complaint concern the same "putative class members[,]" the same Defendant, "have nearly identical factual allegations" and "overlapping legal claims." (*Id.* at 7).

Federal Rule of Civil Procedure 42(a) stated "[i]f actions before the court involve a common question of law or fact," the court may consolidate the cases. The Rule "gives the district court broad powers to consolidate actions involving *common questions of law or fact* if, . . . such consolidation would facilitate the administration of justice." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 80 (D.N.J.1993) (internal quotation marks and citations omitted).

The "purpose of consolidation is to streamline pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and

3

factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (internal quotations and citation omitted). Accordingly, when cases present similar legal or factual issues, "[i]n the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J.2003) (citation omitted).

Here, consolidation for all purposes is appropriate for several reasons. First, the Defendant did not oppose the motion. Second, the issues and causes of action raised in 23-23154 and 24-261 are substantially similar. *See City of Southfield Fire and Police Retirement System v. Hayward Holdings, Inc.*, No. 23-4146, 2023 WL 8752436 at *2 (D.N.J. Dec. 19, 2023) (Consolidation is appropriate when the matters "stem from the same" allegations and "discovery obtained in one lawsuit will undoubtedly be relevant to the other and common questions of law and fact will predominate . . . ."). Third, and finally, discovery and dispositive motion practice likely will involve many of the same witnesses and documents. *See Gilliam v. Cavallaro*, No. 21-16844, 2023 WL 6049676, at *1 (D.N.J. Sept. 15, 2023) (Cases should be consolidated when it serves "interests of justice and judicial economy"). Accordingly, 24-261 is consolidated into 23-23154.

**B.**  **Raina C. Borrelli of Turke & Strauss LLP and Gary E. Mason of Mason LLP are Appointed Interim Co-Lead Class Counsel**

Next, the Court addresses the appointment of interim co-lead class counsel. (ECF No. 9-1 at 10). Watkins-Fields argues that the proposed firms are "regularly chosen by courts across the nation to act as lead or co-lead counsel in consumer class actions (and specifically data breach class actions)." (*Id.* at 11). To that end, Watkins-Fields contends that Turke & Strauss LLP and Mason LLP "have devoted, and will continue to devote, significant resources to the successful prosecution of these cases" and has the "necessary experience required to implement those resources" efficiently, conforming with the interest of the classes. (*Id.* at 17-18). Watkins-Fields

4

further notes that Defendant "takes no position on the appointment of interim leadership for the putative class." (*Id.* at 7).

Federal Rules of Civil Procedure 23(g)(3) provides that the "[C]ourt may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In so doing, the Court "applies the same factors it applies to appointing class counsel." *Berkelhammer v. Automatic Data Processing, Inc.*, No. 20-5696, 2022 WL 3593855, at *2 (D.N.J. Aug. 23, 2022) (citing *Waudby v. Verizon Wireless, Inc.*, 248 F.R.D. 173, 175 (D.N.J. 2008)). Specifically: "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class." *Waudby*, 248 F.R.D. at 175-76.

Here, the Court finds that the appointment of Raina C. Borrelli of Turke & Strauss LLP and Gary E. Mason of Mason LLP as interim co-lead class counsel satisfy this test. (*See* ECF No 9-1 at 11-18). Each have identified and investigated the potential claims; have experience litigating complex commercial disputes, which involve class actions, data breach, and data privacy in both state and federal courts; have extensive knowledge in the applicable law at issue; and have and will expend significant resources to this case. Accordingly, Raina C Borrelli of Turke & Strauss LLP and Gary E. Mason of Mason LLP are appointed interim co-lead class counsel.

### C.  Gary S. Graigman of Kantrowitz, Goldhamer & Graifman, P.C. is Appointed Liaison Counsel

Finally, the Court considers the appointment of liaison counsel. (ECF No. 9-1 at 18-20). Watkins-Fields contends that Gary S. Graifman is well-qualified because he "practices regularly before this court[,]" has the "resources to prosecute complex litigation[,]" and "demonstrated capacity to effectively organize, prosecute, and finance large-scale, complex litigation like this."

(*Id.* at 18, 20).  In support, Watkins-Fields cites the Manual for Complex Litigation (Fourth) § 10.221 (2005) to demonstrate that liaison counsel will assist co-lead class counsel in coordinating case matters and administraties duties.  (*Id.* at 18).

The Court agrees that liaison counsel will aid in moving this case forward.  Also, that liaison counsel will assist in ensuring co-lead counsel comply with the Court's rules and Local Civil Rules.  Accordingly, Gary S. Graifman of Kantrowitz, Goldhamer & Graifman, P.C. is appointed liaison counsel.

For all the foregoing reasons, it is hereby,

**ORDERED** that the motion to consolidate and to appoint interim co-lead class counsel and liaison counsel (ECF No. 9 in 23-23154 and ECF No. 7 in 24-261) is **GRANTED**; it is further

**ORDERED** that 23-23154 and 24-261 shall be consolidated for all purposes under the lead case in 23-23154; it is further

**ORDERED** that Raina C. Borrelli of Turke & Strauss LLP and Gary E. Mason of Mason LLP are **APPOINTED** interim co-lead counsel; and it is further

**ORDERED** that Gary S. Graifman of Kantrowitz, Goldhamer & Graifman, P.C. is **APPOINTED** liaison counsel.

DATED: 6/27/2024                                              s/ JULIEN XAVIER NEALS
                                                                         **JULIEN XAVIER NEALS**
                                                                         United States District Judge